**WO**  NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Miller,<br><br>                Plaintiff,<br><br>v.<br><br>Pacific Speciality Insurance Company,<br><br>                Defendant. | No. CV-15-01442-PHX-JJT<br><br>**ORDER** |

At issue is Plaintiff David Miller's Motion to Stay Proceedings and Invoke Appraisal (Doc. 15, Mot.), to which Defendant Pacific Specialty Insurance Company filed a Response in opposition (Doc. 16, Resp.) and Plaintiff filed a Reply (Doc. 18, Reply).[1] For the reasons that follow, the Court grants Plaintiff's Motion to Stay Proceedings and Invoke Appraisal.

**I.    BACKGROUND**

Plaintiff initiated this lawsuit in state court on June 23, 2015, (Doc. 1, Ex. A, Compl.), and Defendant removed it to this Court on July 27, 2015, (Doc. 1). On June 23, 2014, Plaintiff's residence was severely damaged by fire, which was a covered loss pursuant to his insurance policy from Defendant. (Compl. ¶ 5.) After one year, Defendant had still not completed its investigation and adjustment of the loss. (Compl. ¶ 6.)

---

[1] In the caption of his Complaint, Plaintiff improperly named Defendant as Pacific "Speciality" Insurance Company. For clarity, the Court corrects this to "Specialty" in this Order.

According to the policy, any litigation in the matter must be initiated within twelve months of the loss. (Compl. ¶ 7.) Accordingly, Plaintiff filed this lawsuit one year later, on June 23, 2015, raising claims against Defendant for breach of contract and bad faith.

At this point, significant discrepancies still exist between Plaintiff's and Defendant's estimates of the loss. (Mot. at 1.) Due to the difference in valuations, Plaintiff now moves for a stay of proceedings and requests an appraisal of the damage in accordance with the policy terms. (Mot. at 1-2.)

## II.   ANALYSIS

Plaintiff's insurance policy contains an appraisal clause that states:

> If you and we fail to agree as to the actual cash value or the amount of loss, then, on the written request of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty days of the request. Where the request is accepted, the appraisers shall first select a competent and disinterested umpire . . . .    Dated    this 7th day of June, 2016.

(Doc. 17-1.) Arizona law treats appraisal requests pursuant to a contractual provision the same as arbitration requests. *Meineke v. Twin City Fire Ins. Co.*, 892 P.2d 1365, 1369 (Ariz. Ct. App. 1994); *Hanson v. Commercial Union Ins. Co.*, 723 P.2d 101, 103 (Ariz. Ct. App. 1986). Thus, as with arbitration clauses under the Federal Arbitration Act (FAA), appraisal clauses are "valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Ori v. Am. Family Mut. Ins. Co.*, No. CV-2005-697-PHX-ROS, 2005 WL 3079044, at *2 (D. Ariz. Nov. 15, 2005). For example, waiver of an appraisal clause is a possible defense. *See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 (1983).

Defendant offers three reasons for the Court to refuse to enforce the appraisal clause with respect to Plaintiff's claim: (1) Appraisal requires acceptance by the other party, (2) the appraisal request is barred by waiver, and (3) the demand for appraisal was untimely. (Resp. at 1-2.) The Court examines these in turn.

### A. No Acceptance Requirement to Initiate Appraisal

Defendant argues that without acceptance and agreement of both parties, appraisal is not available. (Resp. at 1.) "[A]ny doubts concerning the scope of [appraisable] issues should be resolved in favor of [appraisal], whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to [appraisability]." *Moses*, 461 U.S. at 24-25.

Here, the insurance policy, as required under Arizona law, provides for appraisal "on the written request of either" where the parties disagree as to the amount of loss. *See* A.R.S. § 20-1503. Defendant argues it must first accept and agree to any request for appraisal. The Court disagrees. The policy states that either party may select a competent and disinterested appraiser when there is a disagreement as to the value of the loss. Further, a requirement that an opposing party must accept any request for appraisal would obstruct the purpose and effectiveness of the appraisal clause. *See Gates v. Ariz. Brewing Co.*, 95 P.2d 49, 50 (Ariz. 1939) (stating the primary purpose of [appraisal] is to obtain an inexpensive and speedy final disposition on the matter involved). While the Court does not agree with Defendant's proffered interpretation of its policy, even if the Court were to find ambiguity in the policy, it would construe the language in favor of appraisal. *See Moses*, 461 U.S. at 24-25.

The Court finds Plaintiff requested an appraisal in accordance with the policy terms. Therefore, Defendant's argument for mutual acceptance of appraisal fails.

### B. No Waiver of Appraisal Right

Defendant argues that Plaintiff waived his right to appraisal by filing this lawsuit. (Resp. at 2.) Arizona law has established that a party to a contract may waive its right to enforce an arbitration or appraisal agreement by its conduct. *See Forrest City Dillon, Inc. v. Superior Court*, 675 P.2d 297, 299 (Ariz. Ct. App. 1984). However, because public policy favors arbitration and appraisal, Arizona courts generally do not favor waivers of arbitration or appraisal agreements. *See Meineke*, 892 P.2d at 1370 (Ariz. Ct. App. 1994) (citing *U.S. Insulation v. Hilro Constr. Co.*, 705 P.2d 490, 498 (Ariz. Ct. App. 1985)). A

party waives an appraisal clause with conduct that is "inconsistent with the use of the [appraisal] remedy; in other words, conduct that shows an intent not to [appraise]." *Id.* (citing *EFC Dev. Corp. v. F.F. Baugh Plumbing & Heating, Inc.*, 540 P.2d 185, 188 (Ariz. Ct. App. 1975)). Inconsistency is usually found from "such conduct as preventing [appraisal], making [appraisal] impossible, proceeding at all times in disregard of the [appraisal] clause, expressly agreeing to waive [appraisal], or unreasonable delay." *EFC Dev. Corp.*, 540 P.2d at 188.

Here, Plaintiff's conduct is not inconsistent with the use of the appraisal remedy. Plaintiff filed this lawsuit before requesting appraisal, but only to comply with the policy terms that require the initiation of litigation within twelve months of the date of loss. (Mot. at 2.) While Defendant claims, citing *Meineke*, that the filing of a lawsuit indicates a clear repudiation of the right to have an appraisal, (Resp. at 2), the facts alleged by Plaintiff support a different inference. Since Defendant had not yet completed the adjustment of the loss, the need for Plaintiff to request an appraisal was not apparent. (*See* Reply at 2.) The approach of the twelve-month time limit imposed by the policy, however, made Plaintiff's initiation of this lawsuit reasonable.

The Court finds that Plaintiff did not waive his right to invoke the appraisal clause by filing this lawsuit. Thus, Defendant's argument for waiver fails.

### C. Demand for Appraisal Was Not Unreasonably Delayed

Defendant argues that Plaintiff's demand for appraisal was untimely, since he waited for over a year to make the request. (Resp. at 2.) However, untimeliness by itself does not rise to repudiation by unreasonable delay. *City of Cottonwood v. James L. Fann Contracting*, 877 P.2d 284, 290 (Ariz. Ct. App. 1994). In order to show unreasonable delay, Defendant must show "clear evidence of 1) prejudice suffered by the other party and 2) a demand for [appraisal] so egregiously untimely and inconsistent with an intent to assert the right to [appraisal] that an intentional relinquishment can be inferred." *Meineke*, 892 P.2d at 1370.

Here, Plaintiff's request for appraisal was not unreasonably delayed. Neither party will be substantially prejudiced by engaging in the appraisal process at this juncture. *See Lake Commc'ns, Inc. v. ICC Corp.*, 738 F.2d 1473, 1477 (9th Cir. 1984) (noting no prejudice where the progress of the litigation was limited). Defendant will not be subjected to unexpected expenditures of time, duplication of effort, or advantage to the other party—nor has Defendant suggested any possibility of prejudice in its Response. Defendant's only argument is that the request came too late. (Resp. at 2.) While Plaintiff's request for appraisal may be viewed as somewhat tardy in the context of this litigation, it is not egregiously untimely. Defendant has yet to complete the adjustment of the loss, the home has yet to be repaired, and there has been no substantial discovery thus far. Requesting appraisal at this point is not unreasonable and will likely benefit both parties and the Court in resolving this matter more efficiently. Particularly in view of the policy favoring appraisal, the Court concludes that Plaintiff did not waive his right to invoke the appraisal clause under his policy.

### C.   Stay of Proceedings

Plaintiff asks the Court to stay these proceedings pending appraisal. (Mot. at 1-2.) In evaluating such a request, the Court considers the management of its docket and judicial economy as well as the predominance of the appraisable claims and the merit of the non-appraisable claims. *See Ori*, 2005 WL 3079044, at *4 (citing *F.D. Imp. & Exp. v. M/V Reefer Sun*, 248 F. Supp. 2d 240, 251 (S.D.N.Y. 2002)).

Here, the appraisable claim, for compensation under the policy for damage resulting from a covered event, predominates this lawsuit and the bad faith and breach of contract claim depend on it. The Court thus finds that staying the non-appraisable claims is the most efficient way to manage this litigation.

### III.   CONCLUSION

Each of Defendant's arguments in its Opposition fails. The Court finds that Plaintiff requested appraisal according to the policy terms. Additionally, this request was not unreasonably delayed and does not prejudice Defendant.

IT IS THEREFORE ORDERED granting Plaintiff's Motion to Compel Appraisal and to Stay Proceedings (Doc. 15) as detailed in this Order. The parties shall proceed with appraisal under the terms of the policy.

IT IS FURTHER ORDERED staying these proceedings pending the results of the appraisal. The parties shall advise the Court within 14 days of the completion of the appraisal process whether the parties have resolved this matter in full or whether the Court should lift the stay and this matter should proceed.

Dated this 8th day of June, 2016.

Honorable John J. Tuchi
United States District Judge